```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JACQUELINE WILLIAMS HOLLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEVA PHARMACEUTICALS USA, INC., et al. | : | NO. 20-1613 |

MEMORANDUM

Bartle, J.                                                August 4, 2020

      Plaintiff Jacqueline Williams Holley has sued defendants Teva Pharmaceuticals USA, Inc. ("Teva USA"), Teva Women's Health, LLC, Duramed Pharmaceuticals, Inc., a division of Barr Pharmaceuticals, Inc., and Teva Women's Health, Inc. for personal injuries in this products liability action as a result of an allegedly defective intrauterine device.  The action was originally filed in the Court of Common Pleas of Philadelphia County and removed to this court on the basis of diversity of citizenship and the requisite amount in controversy.  See 28 U.S.C. § 1441(a); 28 U.S.C. § 1332.  Before the court is the motion of the plaintiff to remand the action to the state court.  See 28 U.S.C. § 1447(c).

      It is undisputed that the complaint was filed in the Court of Common Pleas at 11:27 a.m. on March 25, 2020.  All defendants were served at 11:45 a.m.  Defendants then filed their Notice of Removal in this court on March 25, 2020, at

5:14 p.m. and the Notice of Removal in the Court of Common Pleas at 6:08 p.m.

For this court to have subject matter jurisdiction under § 1332, there must be complete diversity of citizenship, that is, the citizenship of no plaintiff and no defendant shall be the same. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). For this purpose, a corporation is deemed a citizen of both its state of incorporation and the state where it has its principal place of business. Id. at 347. However, even where there is complete diversity, an action may not be removed from the state court where a defendant is a citizen of the state where the action is filed. 28 U.S.C. § 1441(b)(2). Thus if a defendant corporation has its principal place of business in Pennsylvania, the forum state, the action may not be removed to this federal court sitting in the Eastern District of Pennsylvania.

It is undisputed that plaintiff is a citizen of Ohio and that none of the defendants is a citizen of that state. While complete diversity exists, the parties vigorously argue over the location of Teva USA's principal place of business. Plaintiff contends that it is in Pennsylvania while Teva USA asserts that it is in New Jersey.[1]  Plaintiff's motion to remand

---

1. Teva USA is incorporated in the state of Delaware.

-2-

depends on the resolution of this factual issue since, as noted above, removal from the Court of Common Pleas to this court is proper if its principal place of business is in New Jersey but improper if it is in Pennsylvania.

The burden of proof rests on Teva USA as the party asserting this court's subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Diversity of citizenship of the parties must exist at the time the complaint was filed and at the time of removal. Johnson, 724 F.3d at 346.

The Supreme Court in Hertz Corp. v. Friend, 559 U.S. 77 (2010), facing circuit conflicts, established the definition of principal place of business. The Court held that this phrase "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp., 559 U.S. at 92–93. The Court described that place, as had the lower courts, as the corporation's "nerve center," which "should normally be the place where the corporation maintains its headquarters." Id. at 93. The nerve center is "not simply an office where the corporation holds it board meetings (for example, attended by directors and officers who have travelled there for the occasion)." Id. The Court emphasized that a corporation's nerve center is a single place within a state. Id. at 95. In deciding this issue, courts must be wary of jurisdictional

manipulation.  Id. at 96-97.  The Supreme Court's goal is to provide a simple and straightforward jurisdictional test in the interest of predictability, judicial economy, and the need to avoid gamesmanship.

We turn to the facts which the parties have placed in the record after a period of discovery.

The headquarters and principal place of business of Teva USA was located in North Wales, Pennsylvania in July 2018 when it publicly announced that it was moving its headquarters to Parsippany, New Jersey where it had leased 345,000 square feet of office space.  An incentive for the move was the commitment of the State of New Jersey to a $40 million tax incentive plan.  In addition to Teva USA, the Governor of New Jersey, Philip Murphy, also announced the move in July 2018.  The actual move took place as of January 1, 2020.  Since that date, the North Wales facility has been used as a distribution center.

The two top officers of Teva USA are Brendon O'Grady, who is the President and CEO, and Asaph Naamon, who is the Senior Vice-President and Chief Financial Officer.  They are involved in making "corporate activity direction, control, and coordination decisions."  Although Mr. O'Grady lives in Florida, both he and Mr. Naamon have their offices in Parsippany, New Jersey.  Since January 1, 2020, subject to the later closure

of the office due to the coronavirus pandemic, they have made corporate decisions there, and Mr. O'Grady has conducted "Town Hall Meetings" for Teva USA employees from that location.

Other high-level officers, such as Deborah Griffin, Deb Peterson, Dough McCormack, and Joerg Tillman, whose roles and responsibilities "are limited and specialized" and focus on "specific segments of Teva USA's business" also have offices in Parsippany, New Jersey, although Ms. Griffin, a Senior Vice President and Chief Accounting Officer, also has an office in North Wales, Pennsylvania.  The Corporate Secretary, Brian Shanahan, has his office in West Chester, Pennsylvania.

Teva USA's Board of Directors consists of three members.  Mr. O'Grady serves as Chair while Mr. Naamon and Ms. Griffin make up the remainder of the Board.  As noted above, all three have offices in Parsippany.

The evidence clearly establishes that the headquarters of Teva USA has been in Parsippany, New Jersey since January 1, 2020 and was at that location when this case was filed and then removed to this court in March.  While this large corporation not surprisingly has officers who live and have offices at various other sites, Parsippany, New Jersey is the place where "high level officers direct, control, and coordinate the corporation's activities."  Hertz Corp., 559 U.S. at 80.  It is

-6-

the nerve center of Teva USA.  There is no evidence of corporate manipulation to create diversity of citizenship.

Accordingly, Teva is not a citizen of Pennsylvania. This court has subject matter jurisdiction under § 1332(a), and the motion of plaintiff to remand this action to the Court of Common Pleas of Philadelphia County will be denied.